JS-6

1  RICHARD H. ZAITLEN #63283
   STEPHEN BYERS #223330
2  PILLSBURY WINTHROP SHAW PITTMAN LLP
   725 South Figueroa Street, Suite 2800
3  Los Angeles, CA 90017-5406
   Telephone: (213) 488-7100
4  Facsimile: (213) 629-1033
   Email: Richard.Zaitlen@Pillsburylaw.com
5  Email: Steve.Byers@Pillsburylaw.com

6  Attorneys for Plaintiff
   NUSCIENCE CORPORATION
7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11  ┌─────────────────────────────────┐
    NUSCIENCE CORPORATION, a          )   Case No. CV-08-2661-GAF(FFMx)
12  California corporation,            )
                                       )   *Findings, Conclusions*
13              Plaintiff,             )   [PROPOSED] JUDGMENT PURSUANT
                                       )   TO ENTRY OF DEFAULT
14       vs.                           )
                                       )
15  ROBERT HENKEL, an individual,      )
    ROBERT HENKEL d/b/a                )
16  DEUTROCELL, a business entity of   )
    unknown form, and                  )
17  MICHAEL HENKEL, an individual,     )
                                       )
18              Defendants.            )
    └─────────────────────────────────┘

19
        This cause having come before this Court on the motion of Plaintiff,
20
    NUSCIENCE CORPORATION, ("NuScience" or "Plaintiff") for entry of
21
    judgment and a permanent injunction against Defendants ROBERT HENKEL,
22
    ROBERT HENKEL d/b/a DEUTROCELL, AND MICHAEL HENKEL
23
    (collectively "Defendants");
24
        AND, the Court having read and considered the pleadings, declarations
25
    and exhibits on file in this matter and having reviewed such evidence as was
26
    presented in support of Plaintiff's Motion;
27

28
                                    -1-                    [PROPOSED] JUDGMENT
    Proposed Judgment.DOC                                  Case No. CV08-2661 GAF (FFMx)

1       AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the
2 following facts:
3       Defendants have been on constant notice that a default judgment would
4 be sought for failure to respond to the First Amended Complaint unless a
5 settlement was reached, which included agreement to a Consent Judgment by
6 the Defendants. The Defendants have been on notice for at least 30 days that
7 default has been entered against them.
8       The primary product which NuScience develops and sells is known as
9 CELLFOOD®. CELLFOOD® uses a proprietary water-splitting technology.
10 The proprietary water-splitting technology and formula used in CELLFOOD®
11 is one of NuScience's best kept trade secrets. NuScience is the rightful owner
12 of this trade secret and has taken reasonable measures to maintain the trade
13 secret in confidence and to protect it from disclosure to competitors.
14 NuScience's trade secret is not generally known or available to the public or to
15 NuScience's competitors. NuScience's trade secret is not easily ascertainable
16 or easily developed.
17       NuScience's trade secret has economic value in that it is the only
18 producer of this type of formula. NuScience's annual worldwide sales of its
19 products utilizing its trade secret are over $230 million.
20       Robert Henkel and Michael Henkel purport to be in possession of
21 documents having information concerning the ingredients and formula of the
22 proprietary trade secret owned by NuScience. Robert Henkel has offered to
23 sell the proprietary trade secret formula and its product to third parties,
24 including present customers of NuScience.
25       Robert Henkel has used the proprietary trade secret formula to produce
26 a version of CELLFOOD®, which Robert Henkel calls Deutrocell. Robert
27 Henkel has formed a business entity which sells Deutrocell. This business
28 entity is also called Deutrocell, (for clarity purposes, the business entity will

1  be referred to as "Defendant Deutrocell"). Defendant Deutrocell offers to sell
2  the product Deutrocell at least in part over the Internet on an interactive
3  website, www.deutrocell.com. Defendant Deutrocell has made substantial
4  sales of its product Deutrocell in California, including this Judicial District.
5       Defendant Deutrocell is an alter ego of Defendant Robert Henkel.
6  Defendant Robert Henkel and/or Defendant Deutrocell's use of NuScience's
7  proprietary trade secret formula to make product Deutrocell amounts to
8  misappropriation of NuScience's trade secret as they have done so knowing,
9  or having reason to know, that knowledge of this trade secret was derived
10 from or through a person who utilized improper means to acquire it, or
11 acquired it under circumstances giving rise to a duty to maintain its secrecy.
12      Defendant Michael Henkel's "deuterium sulfate technology" is the same
13 as that offered for sale by his brother Defendant Robert Henkel, and thus is
14 NuScience's proprietary trade secret. Defendant Michael Henkel has offered
15 to sell the proprietary trade secret formula and its product to third parties.
16 Defendant Michael Henkel, has offered to sell the proprietary trade secret
17 formula for $7,500,000 on his website http://deuteriumsulfate.com.
18      NuScience owns several federally registered trademarks which it uses in
19 connection with its sale of CELLFOOD® and similar products.
20      On May 28, 2002, NuScience was granted U.S. Trademark Registration
21 No. 2,573,852 ("the '852 mark") for "EVERETT STOREY®" in connection
22 with dietary, nutritional, food, vitamin and mineral supplements for human
23 consumption. NuScience's EVERETT STOREY® mark is now incontestable.
24      On June 8, 2004, NuScience was granted U.S. Trademark Registration
25 No. 2,851,039 ("the '039 mark") for "DEUTROSULFAZYME®" in
26 connection with liquid nutritional supplements for human consumption.
27      On July 29, 1997, NuScience was granted U.S. Trademark Registration
28 No. 2,083,802 ("the '802 mark") for "CELLFOOD®" in connection with



1 mineral supplements for human consumption. NuScience's CELLFOOD®
2 mark is now incontestable.
3     NuScience has spent at least $1,000,000 over the last six years in
4 advertising, promotional activities, trade shows and conventions promoting its
5 CELLFOOD® products using the '852, '039, and '802 marks. Customers
6 identify mineral supplements for human consumption sold under the '852,
7 '039, and '802 marks as being the product of NuScience. Customers rely
8 upon the '852, '039, and '802 marks as indicative of high quality mineral
9 supplements.
10     Defendants Robert Henkel and Deutrocell registered the domain names
11 *www.evstorey.com* and *www.deutrocell.com* in efforts to sell their product
12 Deutrocell. Defendants' (Robert Henkel and Deutrocell's) website
13 *www.deutrocell.com* contains a webpage stating that the product Deutrocell is
14 "Uncle Ev's" original formula underneath a photograph captioned "Everett
15 Storey." Defendants Robert Henkel and Deutrocell have sent emails to
16 NuScience's customers stating "Would you be interested in distributing EV
17 STOREYS (sic) "ORIGINAL" KITCHEN FORMULA (DEUTROCELL) ?
18 (sic) Often imitated "NEVER" duplicated. For more info please go to
19 evstorey.com or deutrocell.com WE "CELL" FOR LE$$."
20     Defendants' (Robert Henkel and Deutrocell's) use of "Ev Storey," and
21 "Everett Storey" in connection with the sale of their product Deutrocell, a
22 mineral supplement, is an infringement of NuScience's '852 mark and likely
23 to cause confusion and lead consumers to believe that it is sponsored by,
24 affiliated with, or the agent of, NuScience.
25     Defendants' (Robert Henkel and Deutrocell's) use of "Deutrocell" in
26 connection with the sale of their product Deutrocell, a mineral supplement, is
27 an infringement of NuScience's '039 mark and is likely to cause confusion
28

Proposed Judgment.DOC



1   and lead consumers to believe that it is sponsored by, affiliated with, or the
2   agent of, NuScience.
3   Defendants' (Robert Henkel and Deutrocell's) use of "Deutrocell" and
4   "WE 'CELL' FOR LESS" in connection with the sale of their product
5   Deutrocell, a mineral supplement, is an infringement of NuScience's '802
6   mark and is likely to cause confusion and lead consumers to believe that it is
7   sponsored by, affiliated with, or the agent of, NuScience.
8   Defendant Michael Henkel's website http://deuteriumsulfate.com
9   contains a webpage stating that "Uncle" Everett was an author, publisher,
10  microbiologist, inventor of the hydrogen bomb, and one of the masters of
11  deuterium sulfate technologies, and also that "Uncle" Everett always said that
12  the magic is in the deuterium sulfate.
13  Defendant Michael Henkel's use of "UNCLE Everett" in connection
14  with the offer for sale of the proprietary trade secret is an infringement of
15  NuScience's '852 mark and is likely to cause confusion and lead consumers to
16  believe that it is sponsored by, affiliated with, or the agent of, NuScience.
17  Defendant Michael Henkel's use of "CELLFOOD" in connection with
18  the sale of the proprietary trade secret is an infringement of NuScience's '802
19  mark and is likely to cause confusion and lead consumers to believe that it is
20  sponsored by, affiliated with, or the agent of, NuScience.
21  Such actions by Defendants further constitute unfair competition.
22  Further, Defendants have engaged in false advertising, injuring
23  NuScience. Regardless of whether or not Defendants actually use
24  NuScience's trade secret, they are not authorized or licensed to sell, use and/or
25  have access to the NuScience trade secret and Defendants' representations that
26  they sell, use and/or have access to the NuScience trade secret constitute false
27  advertising.
28



Proposed Judgment.DOC

-5-

PROPOSED JUDGMENT
Case No. CV08-2661 GAF (FFMx)

1    Defendants Robert Henkel and Deutrocell state on their website
2    www.deutrocell.com and in emails sent to NuScience's customers that they
3    possess the original formula created by Everett Storey and are willing to sell it.
4    Defendants Robert Henkel and Deutrocell state on their website
5    www.deutrocell.com and in emails sent to NuScience's customers that the
6    product they sell, product Deutrocell, is made according to Everett Storey's
7    formula and ingredients.
8    The original formula created by Everett Storey is the trade secret of
9    NuScience.
10   Defendants Robert Henkel and Deutrocell are not using NuScience's
11   trade secret to create Deutrocell, thus Defendants' statements misrepresent the
12   Defendants' goods.
13   Defendants Robert Henkel and Deutrocell offer their product Deutrocell
14   in interstate commerce through the commercial advertising of their website
15   and they offer to sell their product Deutrocell across state lines through email.
16   Defendant Michael Henkel states on his website deuteriumsulfate.com
17   that he possesses deuterium sulfate technology, is willing to sell it, and his
18   "Uncle" Everett is "one of the masters of deuterium sulfate technologies."
19   Defendant Michael Henkel implies that this technology is the original formula
20   created by Everett Storey.
21   If Defendant Michael Henkel is not selling NuScience's trade secret,
22   then the Defendant Michael Henkel's statements misrepresent the Defendant
23   Michael Henkel's deuterium sulfate technology.
24   Defendant Michael Henkel offers deuterium sulfate technology in
25   interstate commerce through the commercial advertising of his website.
26   NuScience has been harmed by Defendants' false statements in lost
27   sales and goodwill.
28

1     Defendants' emails to NuScience's customers offering to sell the
2 product Deutrocell and/or the formula that creates it, interferes with
3 NuScience's prospective business.
4     Defendants Robert Henkel and Deutrocell know, or should know, that
5 Lumina Health Products, Inc. is a customer and distributor of CELLFOOD®
6 manufactured by NuScience. Defendants Robert Henkel and Deutrocell have
7 offered to sell the products Deutrocell and/or the formula that creates it to
8 Lumina Health Products, Inc. via email in an effort to disrupt the business
9 relationship between NuScience and Lumina Health Products, Inc.
10 Defendants' (Robert Henkel and Deutrocell's) emails to Lumina Health
11 Products, Inc. have disrupted the business relationship enjoyed by NuScience,
12 and NuScience has been damaged by this disruption.
13     Defendant Michal Henkel knows, or should know, that B. Sc. Biol. is a
14 customer and distributor of CELLFOOD® manufactured by NuScience.
15 Defendant Michael Henkel e-mailed Misa Komar Ziberna, the CEO of B. Sc.
16 Biol. in an effort to disrupt the business relationship between NuScience and
17 B. Sc. Biol. Defendant Michael Henkel's emails to B. Sc. Biol. have disrupted
18 the business relationship enjoyed by NuScience, and NuScience has been
19 damaged by this disruption.
20     Therefore, based upon the foregoing facts, and
21     GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS
22 that this Judgment shall be and is hereby entered in the within action as
23 follows:
24 1)     This Court has jurisdiction over the parties to this action and over the
25 subject matter hereof pursuant to the provisions of the Lanham Act, 15 U.S.C.
26 § 1121, as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has
27 jurisdiction over any remaining claims in this action pursuant to the doctrine
28 of supplemental jurisdiction and 28 U.S.C. § 1367.



-7-

Proposed Judgment.DOC

PROPOSED JUDGMENT
Case No. CV08- 2661 GAF (FFMx)

1  2) Service of process was properly made on Defendants.
2  3) That the Court enter judgment in favor of NuScience and against all
3  Defendants;
4  4) That Defendants and their agents, servants, employees, representatives,
5  attorneys, related companies, successors, assigns, or heirs be preliminary and
6  permanently enjoined and restrained:
7  (a) from possessing, using, selling, offering to sell, transferring,
8  controlling, communicating, providing, revealing, giving away, marketing,
9  publishing, advertising, or otherwise transferring to any person in any manner
10 any of NuScience's trade secrets or trade secret assets, including all or any
11 part of the ingredients (except water), formula, recipe, know-how, technical
12 data, secret processes, mixing formula, specifications or other information,
13 knowledge or data contained therein, or any products made according to
14 NuScience's trade secrets, Everett Storey's original formula, deuterium
15 sulfate, deutrosulfuric acid, $D2SO4$, or any deuterium based mineral formulas,
16 combinations or products;
17 (b) from stating, telling, representing or claiming to third persons that it
18 knows, possesses, controls, is able to use, or has knowledge of the ingredients,
19 formula, recipe, know-how, specifications, mixing formula, secret processes,
20 or other technical data of any of NuScience's trade secrets, Everett Storey's
21 original formula, deuterium sulfate, deutrosulfuric acid, $D2SO4$, or any
22 deuterium based mineral formulas, combinations or products;
23 (c) from creating, producing, making, providing, using, revealing,
24 communicating or otherwise transferring to any person in any manner any
25 document, drawing, design plan, proposal, note, file, data, memorandum,
26 photograph, or other tangible recordable, digital, video, or other decipherable
27 information that purports to have all or any part of the formula, ingredient,
28 recipe, mixing formula, know-how, secret process, specification, data or other



-8-

1 technical information (except water) of NuScience's trade secret,
2 CELLFOOD®, Everett Storey's original formula, deuterium sulfate,
3 deutrosulfuric acid, D2SO4, or any deuterium based mineral formulas,
4 combinations or products;
5     (d) from using the "EVERETT STOREY ®," "DEUTROSULFAZYME
6 ®," and "CELLFOOD®" trademarks, and any variation thereof, including
7 without limitation any misspellings, abbreviations, phonetic equivalents or
8 other variations, and all marks confusingly similar thereto including
9 "DEUTROCELL," "DEUTERIUM SULFATE," "DEUTROSULFURIC
10 ACID," "D2SO4," or "WE CELL FOR LE$$" in conjunction with the
11 promotion, marketing, offering for sale, or sale of mineral supplements for
12 human consumption, and specifically from:
13     i) Importing, manufacturing, distributing, advertising, selling
14     and/or offering for sale products which picture, reproduce, copy
15     or use the likenesses of or bear a confusing similarity to any of the
16     Plaintiff's Trademarks;
17     ii) Importing, manufacturing, distributing, advertising, selling
18     and/or offering for sale in connection thereto any unauthorized
19     promotional materials, labels, packaging or containers which
20     picture, reproduce, copy or use the likenesses of or bear a
21     confusing similarity to any of the Plaintiff's Trademarks;
22     iii) Engaging in any conduct that tends to falsely represent
23     that, or is likely to confuse, mislead or deceive purchasers,
24     Defendants' customers and/or members of the public to believe
25     the actions of Defendants, the products sold by Defendants, or
26     Defendants themselves are connected with the Plaintiff, are
27     sponsored, approved or licensed by the Plaintiff, or are otherwise
28     affiliated with the Plaintiff.

          iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of the Plaintiff.

(e) from using the terms "Ev Storey," "Uncle Everett," "Uncle Ev," "Storey," and "Everett," or "Deutrocell," "deuterium sulfate," "deutrosulfuric acid," and "D2S4" in conjunction with the promotion, marketing, offering for sale, or sale of mineral supplements for human consumption;

(f) from engaging in unfair competition, including the contacting, by email, regular mail, fax, telephone, or any other way, any of NuScience's competitors, suppliers, partners, customers, distributors, or any other entity with which NuScience has a business relationship, or any entity with which NuScience may have a legitimate prospective business relationship, including, but not limited to, Lumina Health Products, Inc., B. Sc. Biol., Aglea d.o.o., Eurodream s.r.l., Oxygen for Life and Global Health Trax;

(g) from engaging in intentional interference with NuScience's prospective business advantage, including, but not limited to, contacting or otherwise communicating with Lumina Health Products, Inc., CELLFOOD Canada, Vivicell Distribution, Inc., CELLFOOD Mexico, Oxcel S.r.l., BM Net Asia (HK) Inc. Limited, Purelife Co., Ltd., BM Net Asia sdn bhd, Alliance Teamwork Marketing sdn bhd, BM Net (Thailand) Co. Ltd., PT BM Net Indonesia, PT Alliance Teamwork Marketing, CDI, Inc., Nutrome Co. Ltd., Oxygen For Life, Aries International Trading & Co. Ltd., Vondorix Nig. Ltd., CELLFOOD Australia Pty. Ltd., Wellness Now, HeavenEarth Ltd., New Natural Health S.l., Sensipharm Pharmaceutica, Bio Doctor EOOD, Global

1. Health Trax, Eurodream s.r.l, Aglea d.o.o., B. Sc. Biol., and any other customers, distributors or prospective customers of NuScience.

5) That Defendants immediately transfer to NuScience any and all documents, drawings, designs, plans, proposals, notes, files, memoranda, and other recordings of information however recorded in tangible, readable, or other decipherable form, including electronic, digital, written, photographic, or other medium that has or purports to have any information concerning the ingredients, formula, recipe, specification, know-how, technical data, mixing formula, and other information about NuScience's trade secret or Everett Storey's original formula and all products made according to such materials, including all originals and duplicates;

6) That Defendants have made unauthorized uses of Plaintiff's Trademarks or substantially similar likenesses or colorable imitations thereof;

7) That Defendants are ordered to deliver for destruction all products, including Deutrocell, in their possession or under their control bearing any of Plaintiff's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

8) That NuScience recover compensatory, incidental, and consequential damages for Defendant's conduct in an amount of One Hundred Thousand Dollars ($100,000.00) from each Defendant, together with prejudgment interest thereon at the maximum legal rate;

9) ~~That~~ Defendants be ordered to pay punitive and exemplary damages in the sum of $100,000 ~~an amount to be proven at the hearing, together with prejudgment interest thereon at the maximum legal rate;~~

10) That NuScience recover its reasonable attorney's fees and costs in the amount of $28,555.00 and $1,777.00 respectively.

11) That NuScience recover all unjust enrichment of Defendants;

1  12) That the Court award NuScience its costs of suit incurred herein; and

2  13) For such other and further relief as this Court deems proper and just.

3  14) This Judgment shall be deemed to have been served upon Defendants at

4  the time of its execution by the Court.

5  15) The Court finds there is no reason for delay in entering this Judgment

6  and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of

7  this Judgment against Defendants.

8  16) The Court shall retain jurisdiction of this action to entertain such further

9  proceedings and to enter such further orders as may be necessary or

10 appropriate to implement and enforce the provisions of this Judgment.

11

12 Dated: ~~February~~ 4/14, 2009

                                                            Hon. Gary A. Feess
                                                            United States District Judge

13

14

PRESENTED BY:

15 PILLSBURY WINTHROP SHAW PITTMAN LLP

16

By: /s/ Stephen Byers

17      Stephen Byers

18 Attorney for Plaintiff Nuscience Corporation

19

20

21

22

23

24

25

26

27

28

-12-