UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers)**

**ORDER RE: EX PARTE APPLICATION
FOR A TEMPORARY RESTRAINING ORDER**

**I.
INTRODUCTION & BACKGROUND**

The Court is in receipt of Plaintiff NuScience Corp.'s ("NuScience" or "Plaintiff") ex parte application for a Temporary Restraining Order ("TRO") against Defendants Robert Henkel, and Michael Henkel ("Defendants" or "Henkels").  (Docket No. 239 [Application for TRO ("Mem.")].)  Originally, Plaintiff brought suit against Defendants alleging violations of NuScience's Trademark and trade secret formula for CELLFOOD ("Formula"), an oxygen and nutrient supplement.  (See Docket No. 7 [First Amended Complaint ("FAC")].)  The Court subsequently entered default judgment for Plaintiff.  (Docket No. 32 [4/14/09 Judgment].)  Later, this Court held Defendants in contempt of the 4/14/09 Judgment, in June 2012 (Docket No. 58 [6/15/12 Order] (holding Defendants in contempt of violating 4/14/09 Judgment)) and again in March 2014 (Docket No. 230 [3/31/14 Order] (same)).  Despite the Court's findings of contempt, Defendants have failed to comply with the Court's order.  (See Docket No. 237 [Declaration of Michael J. Saltz ("Saltz Decl.") at Exs. 1-3 [Social Media Postings ("Postings")] (among other things, threatening release of the entire Formula and releasing select ingredients of the Formula in violation of the Court's order).)  Plaintiff is now seeking a TRO to halt Defendants' potentially ruinous imminent dissemination of the Formula.  (See Mem.)

The Court finds that notice is not required here and that Plaintiff has established grounds for a TRO.  Accordingly, the Court **GRANTS, in part**, Plaintiff's ex parte application for a Temporary Restraining Order.  As the Court believes the relief sought is too drastic at this time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

and thus **DECLINES** to issue bench warrants at this time, Plaintiff's ex parte application is **DENIED, in part**.  However, as this is essentially a contempt proceeding, the Defendants are **ORDERED TO SHOW CAUSE** why further sanctions, including issuance of bench warrants should not be ordered in this case.  The response to the OSC is due by the close of business on **November 18, 2014**.  The OSC will be heard at 9:30 a.m. on **November 21, 2014.**  If Defendants fail to respond to or comply with this order, the Court **WILL GRANT** Plaintiff's request in full and **WILL ISSUE** bench warrants for Defendants' incarceration until such time as they comply with the Court's order.  The Court's reasoning is set forth in detail below.

**II.
DISCUSSION**

**A.  LEGAL STANDARDS**

**1.  OBTAINING A TEMPORARY RESTRAINING ORDER**

The standard for a temporary restraining order is identical to the standard for a preliminary injunction.  Frontline Med. Assocs., Inc. v. Coventry Healthcare Workers Comp., Inc., 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (citing Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995)).  A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  Doe v. Reed, 58 F.3d 671, 676 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008)).  The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049–50 (9th Cir. 2010).  Accordingly, a court may grant temporary relief where a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."  Id. at 1052 (internal quotations omitted).

**LINK: 239**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

## 2. THE NOTICE REQUIREMENT

Rule 65(b) provides that:

> The court may issue a temporary restraining order without written or oral
> notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant
> before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give
> notice and the reasons why it should not be required.

Fed. R. Civ. Proc. 65(b); see also, Cal. Civ. Proc. Code § 527(c) (A TRO may be granted by ex parte application if: "[i]t appears from facts shown by affidavit or by the verified complaint that great or irreparable injury will result . . . before the matter can be heard on notice . . . .").

## 3. CIVIL CONTEMPT

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). Coercive sanctions take into account the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." Gen. Signal Corp. v. Donallco. Inc., 787 F.2d 1376, 1380 (9th Cir. 1985) (quoting United States v. United Mine Workers, 330 U.S. 258, 304 (1947)). If a court finds coercive sanctions appropriate, it may order the contemnor to pay sanctions to the court or order the contemnor incarcerated until he has substantially complied with the court's order. See, e.g., id.; SEC v. Elmas Trading Corp., 824 F.2d 732, 732–33 (9th Cir. 1987). To succeed on a motion for contempt, a plaintiff must show by clear and convincing evidence that (1) the defendants violated a court order; (2) the violation demonstrably fell short of substantial compliance with the court order; and (3) the violation was not based on a good faith and reasonable interpretation of the order. Wolfard Glassblowing Company v. Vanbragt, 118 F.3d 1320, 1322 (9th Cir. 1997) (citation omitted).

**LINK: 239**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

"[A] plaintiff seeking to obtain the defendant's compliance with the provisions of an injunctive order move[s] the court to issue an order requiring the defendant to show cause why he should not be held in contempt and sanctioned for his noncompliance." In re Grand Jury Proceedings, 142 F.3d 1416, 1424 (11th Cir. 1998) (internal quotation marks and citation omitted). "In his motion, the plaintiff cites the provision(s), and asks the court, on the basis of his representation, to order the defendant to show cause why he should not be adjudged in contempt and sanctioned." Id. (same). "The defendant, following receipt of the order, usually files a response, either confessing his noncompliance or presenting an excuse, or 'cause,' therefor." Id. (same). "The dispute is thereafter resolved at a show cause hearing . . . . At the hearing, if the plaintiff establishes the defendant's noncompliance with the court's injunctive order and the defendant presents no lawful excuse for his noncompliance, the court usually adjudges the defendant in civil contempt and imposes a sanction that is likely to prompt the defendant's compliance with the injunction." Id. (same).

**B. APPLICATION**

**1. NOTICE IS NOT REQUIRED**

NuScience has produced substantial evidence demonstrating that any attempt to give notice would cause irreparable harm in the form of release of the entire Formula. (See Saltz Decl. at Exs. 1-3.) Indeed, Defendants have threatened to and actually have disseminated portions of the Formula. As Defendants are threatening to disseminate the entirety of the Formula, it is reasonable that Plaintiffs would be concerned that knowledge of an application such as the instant one would trigger dissemination and irreparable harm. Thus, the Court finds that no notice is required here. Accordingly, the Court now turns to consider the substance of Plaintiff's ex parte request for a TRO.

**2. TEMPORARY RESTRAINING ORDER IS PROPER**

All four factors weigh in favor of granting Plaintiff's request for a TRO. First, Plaintiff's business consists of sales of CELLFOOD, a product comprised of a trade secret Formula. Thus, distribution of that Formula would completely destroy Plaintiff's business. Defendants have threatened to release the entirety of the Formula and have even released certain ingredients in the Formula. (See Saltz Decl. at Exs. 1-3.) If Defendants follow through on their threats, then Plaintiff would clearly suffer irreparable injury. Therefore, the irreparable injury factor weighs in favor of granting the TRO. Second, given this Court's prior findings of contempt for similar, if not identical activity, Plaintiff is almost certain to succeed on the merits of its claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

Therefore, the likelihood of success on the merits factor weighs in favor of granting the TRO. Third, the harm here is clearly more egregious to Plaintiff. As explained above, Plaintiff's business consists of selling its secret Formula in the product CELLFOOD. Thus, divulgence of the Formula would be ruinous for Plaintiff. Here, there is virtually no harm to Defendants. Arguably, Defendants will be "harmed" by enforcement of this Court's default judgment; however, Defendants had a full and fair opportunity to be heard and refused to do so. Thus, the balance of potential harm also weighs in favor of granting the TRO. Finally, the public interest favors granting the TRO because the public has a strong interest in seeing that the orders of courts, the very backbone of law, is enforced.

Accordingly, as every factor weighs in favor of granting Plaintiff's TRO, the Court **GRANTS, in part** Plaintiff's ex parte request for a Temporary Restraining Order, subject to the restrictions on relief described below.

### 3. CONTEMPT PROCEEDINGS

Because the Court has issued a judgment in this case and has engaged in numerous post-judgment contempt proceedings involving these defendants and their family members, the order requested essentially reiterates orders previously entered in this case. In substance, this case presents the Court with an application for a finding of contempt.

NuScience has produced substantial evidence that Defendants continue to intentionally violate the permanent injunction in this case. It has identified Defendants' Postings which threaten to disclose the entirety of the Formula and actually do disclose certain ingredients in the Formula in violation of this Court's order. (See Postings.) On the basis of this clear and convincing evidence, the Court finds that Defendants are in **CONTEMPT OF THE COURT**. Specifically, Defendants have failed to comply with, or present a lawful excuse for their noncompliance with the April 2009 Judgment, as well as page 12 of the 6/15/12 Order, and pages 1 and 2 of the 3/31/14 Order because they have (1) continued to possess, use, offer to sell, communicate, reveal, publish, and advertise NuScience's trade secrets and trade secret assets; represent to third persons that they have knowledge of the trade secrets; and (2) failed to immediately transfer to NuScience all documented information, in all media, about NuScience's trade secret and Storey's original formula and all products made according thereto. (See 4/14/09 Judgment at 8-11 ¶¶ 4(a)–(g), 5, 7; 6/15/12 Order at 11–12; 3/31/14 Order at 1-2.) Accordingly, Defendants are **ORDERED TO SHOW CAUSE** why further sanctions, including issuance of bench warrants should not be ordered in this case. The response to this OSC is due by the close of business on **November 18, 2014**. The hearing on the OSC will take place at 9:30 a.m. on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

**November 21, 2014**.

### 4. RELIEF SOUGHT IS TOO DRASTIC AT THIS TIME

As explained above, Plaintiff has sufficiently established grounds for a TRO.  In its application, Plaintiff urges the Court to issue bench warrants and to incarcerate Defendants until they comply with the Court's order and purge themselves of contempt.  (See Mem. at 13.)  The Court does not believe such drastic action is required at this point in time.  Instead, Defendants are hereby **ORDERED** to:

> (1) Cease publishing, directly or indirectly, any representations that Defendants possess the Formula;
>
> (2) Cease publishing, directly or indirectly, any representations or threats—direct or indirect—that Defendants are going to publish the Formula;
>
> (3) Turn over to NuScience all trade secret-related documents, products and other materials as required by the Judgment; and
>
> (4) Otherwise cease and desist violating the April 14, 2009 Judgment, June 15, 2012 Order, and March 31, 2014 Order.

The Court has expended a great deal of time and resources attempting to avoid the drastic sanction of incarcerating Defendants.  However, if the Defendants are determined to force the Court's hand, so be it.  This is their final opportunity to comply.  Failure to comply with the Court's order by close of business on **November 21, 2014**, will result in the Court issuing bench warrants ordering Defendants' incarceration until such time that they do comply.

### III.
### CONCLUSION

Plaintiff has sufficiently established grounds for a Temporary Restraining Order. Plaintiff's ex parte application is therefore **GRANTED, in part**, in that the Court **ISSUES** the Temporary Restraining Order.  The Court **DENIES, in part**, Plaintiff's request, by **DECLINING** to issue a bench warrant at this time.  At this time, Defendants are **ORDERED** to comply with the specifications as set out above.

**LINK: 239**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2661-GAF (FFMx) | Date | November 12, 2014 |
|---|---|---|---|
| Title | NuScience Corporation v. Robert Henkel, et al. | | |

      Additionally, Defendants Robert Henkel and Michael Henkel are found in **CONTEMPT OF THE COURT** and are **ORDERED** to comply with all the provisions of the April 14, 2009 Judgment, the June 15, 2012 Order and the March 31, 2014 Order and are **ORDERED TO SHOW CAUSE** why further sanctions, including issuance of bench warrants should not be ordered in this case by close of business on **Tuesday, November 18, 2014**.  The OSC will be heard at 9:30 a.m. on **Friday, November 21, 2014.**  Should Defendants fail to either (1) fully comply with the orders or (2) file a response demonstrating good cause for their noncompliance by close of business, the Court **WILL GRANT** Plaintiff's request in full and **WILL ISSUE** bench warrants for Defendants' incarceration until such time as they do comply.

      **IT IS SO ORDERED.**